**THE GILLAM LAW FIRM**
*A Professional Law Corporation*
Carol L. Gillam (SBN 102354)
10866 Wilshire Boulevard, Suite 400
Los Angeles, California 90024
Telephone: (424) 901-8372 or (310) 203-9977
Facsimile: (310) 203-9922
carol@gillamlaw.com

Attorneys for Defendant Charles Matthew Erhart

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOFI FEDERAL BANK, a federal savings bank, | Case No.: 3:15-cv-2353-BAS-NLS |
| Plaintiff, | ANSWER TO FIRST AMENDED COMPLAINT |
| vs. | |
| CHARLES MATTHEW ERHART, an individual; and DOES 1-25, inclusive. | |
| Defendant. | |

Defendant Charles Matthew Erhart hereby answers Defendant's First Amended Complaint, and admits, denies and alleges as follows:

1. The first sentence of paragraph 1 contains a description of Defendant's action and not averments of fact to which no answer is required but insofar as an answer may be deemed required, Defendant denies the allegations. The second sentence of paragraph 1 contains conclusions of law and not averments of fact to which no answer is required, but insofar as an answer may be deemed required, Defendant denies the allegations.

2. Paragraph 2 contains conclusions of law and not averments of fact to which no answer is required, but insofar as an answer may be deemed required, Defendant denies the allegations.

3. Paragraph 3 contains conclusions of law and not averments of fact to which no answer is required, but insofar as an answer may be deemed required, Defendant denies the allegations of paragraph 3.

4. Defendant admits the allegations of Paragraph 4.

5. Defendant admits the allegations of Paragraph 5.

6. Paragraph 6 contains conclusions of law and/or averments of fact to which no answer is required, but insofar as an answer may be deemed required, Defendant denies the allegations of paragraph 6.

7. Defendant admits the allegations of the first sentence of Paragraph 7. The second and third sentences of paragraph 7 contain conclusions of law and not averments of fact to which no answer is required, but insofar as an answer may be deemed required, Defendant denies the allegations.

8. Defendant admits the allegations of the first and second sentences of Paragraph 8. The third sentence of paragraph 8 contains conclusions of law or opinions and not averments of fact to which no answer is required, but insofar as an answer may be deemed required, Defendant denies the allegations.

9. Defendant admits the allegations of the first sentence of Paragraph 9. The second sentence of paragraph 9 contains conclusions of law or opinions and

not averments of fact to which no answer is required, but insofar as an answer may be deemed required, Defendant denies the allegations.

10. Defendant admits the allegations of the first two lines of Paragraph 10. The remainder of Paragraph 10 contains conclusions of law or opinions and not averments of fact to which no answer is required, but insofar as an answer may be deemed required, Defendant denies the allegations.

11. Defendant admits he had access to the information described in Paragraph 11 but insofar as an answer may be deemed required to the remainder, Defendant denies the allegations.

12. Defendant admits he had access to the information described in Paragraph 12 but insofar as an answer may be deemed required to the remainder, Defendant denies the allegations.

13. Defendant denies the allegations of Paragraph 13.

14. Defendant denies the allegations of Paragraph 14.

15. Paragraph 15 contains conclusions of law to which no answer is required but insofar as an answer may be deemed required, Defendant denies the allegations.

16. Paragraph 16 contains conclusions of law to which no answer is required, or statements that Defendant lacks knowledge to admit or deny, but insofar as an answer may be deemed required, Defendant denies the allegations.

17. Paragraph 17 contains conclusions of law to which no answer is required, or statements that Defendant lacks knowledge to admit or deny, but insofar as an answer may be deemed required, Defendant denies the allegations.

18. Defendant admits the allegations of Paragraph 18.

19. Paragraph 19 contains conclusions of law to which no answer is required, or statements that Defendant lacks knowledge to admit or deny, but insofar as an answer may be deemed required, Defendant denies the allegations.

20. Paragraph 20 contains conclusions of law to which no answer is required, or statements that Defendant lacks knowledge to admit or deny, but insofar as an answer may be deemed required, Defendant denies the allegations.

21. Paragraph 21 contains conclusions of law to which no answer is required, or statements that Defendant lacks knowledge to admit or deny, but insofar as an answer may be deemed required, Defendant denies the allegations.

22. Paragraph 22 contains conclusions of law to which no answer is required, or statements that Defendant lacks knowledge to admit or deny, but insofar as an answer may be deemed required, Defendant denies the allegations.

23. Defendant admits the allegations of the first sentence of Paragraph 23. As to the remainder, contains conclusions of law to which no answer is required, or statements that Defendant lacks knowledge to admit or deny, but insofar as an answer may be deemed required, Defendant denies the remaining allegations.

24. Defendant denies the allegations of Paragraph 24.

25. Defendant denies the allegations of Paragraph 25.

26. Defendant denies the allegations of Paragraph 26.

27. Defendant denies the allegations of Paragraph 27.

28. Defendant denies the allegations of Paragraph 28.

29. Defendant denies the allegations of Paragraph 29.

30. Defendant denies the allegations of Paragraph 30.

31. Defendant denies the allegations of Paragraph 31.

32. Defendant denies the allegations of Paragraph 32.

33. Defendant denies the allegations of Paragraph 33.

34. Defendant denies the allegations of Paragraph 34.

35. Defendant denies the allegations of Paragraph 35.

36. Defendant denies the allegations of Paragraph 36.

37. Defendant denies the allegations of Paragraph 37.

38. Defendant denies the allegations of Paragraph 38.

39. Defendant denies the allegations of Paragraph 39.

40. Defendant admits the allegations of the first and second sentences of Paragraph 40, but lacks information to admit or deny the allegations of the third sentence, which also contains conclusions of law, and on those bases, to the extent an answer is required, Defendant denies the remaining allegations of Paragraph 40.

41. Defendant admits Bofi sent the letter, but denies the remaining allegations of Paragraph 41.

42. Defendant denies the allegations of Paragraph 42.

43. Defendant denies the allegations of Paragraph 43.

44. Defendant admits he returned the laptop but denies the remaining allegations of Paragraph 44.

45. Defendant denies the allegations of Paragraph 45.

46. Defendant denies the allegations of Paragraph 46.

47. Defendant incorporates by reference his responses to the allegations of Paragraphs 1 through 46 above.

48. Paragraph 48 contains conclusions of law to which no answer is required, or statements that Defendant lacks knowledge to admit or deny, but insofar as an answer may be deemed required, Defendant denies the allegations.

49. Paragraph 49 contains conclusions of law to which no answer is required, or statements that Defendant lacks knowledge to admit or deny, but insofar as an answer may be deemed required, Defendant denies the allegations.

50. Paragraph 50 contains conclusions of law to which no answer is required, or statements that Defendant lacks knowledge to admit or deny, but insofar as an answer may be deemed required, Defendant denies the allegations.

51. Defendant denies the allegations of Paragraph 51.

52. Defendant denies the allegations of Paragraph 52.

53. Defendant denies the allegations of Paragraph 53.

54. Defendant incorporates by reference his responses to the allegations of Paragraphs 1 through 53 above.

55. Paragraph 55 contains conclusions of law to which no answer is required, or statements that Defendant lacks knowledge to admit or deny, but insofar as an answer may be deemed required, Defendant denies the allegations.

56. Defendant denies the allegations of Paragraph 56.

57. Defendant denies the allegations of Paragraph 57.

58. Defendant denies the allegations of Paragraph 58.

59. Defendant denies the allegations of Paragraph 59.

60. Defendant denies the allegations of Paragraph 60.

61. Defendant incorporates by reference his responses to the allegations of Paragraphs 1 through 60 above.

62. Paragraph 62 contains conclusions of law to which no answer is required, or statements that Defendant lacks knowledge to admit or deny, but insofar as an answer may be deemed required, Defendant denies the allegations.

63. Paragraph 63 contains conclusions of law to which no answer is required, or statements that Defendant lacks knowledge to admit or deny, but insofar as an answer may be deemed required, Defendant denies the allegations.

64. Paragraph 64 contains conclusions of law to which no answer is required, or statements that Defendant lacks knowledge to admit or deny, but insofar as an answer may be deemed required, Defendant denies the allegations.

65. Defendant denies the allegations of Paragraph 65.

66. Defendant denies the allegations of Paragraph 66.

67. Defendant denies the allegations of Paragraph 67.

68. Defendant incorporates by reference his responses to the allegations of Paragraphs 1 through 67 above.

69. Paragraph 69 contains conclusions of law to which no answer is required, or statements that Defendant lacks knowledge to admit or deny, but insofar as an answer may be deemed required, Defendant denies the allegations.

70. Defendant denies the allegations of Paragraph 70.

71. Defendant denies the allegations of Paragraph 71.

72. Defendant incorporates by reference his responses to the allegations of Paragraphs 1 through 71 above.

73. Defendant denies the allegations of Paragraph 73.

74. Defendant denies the allegations of Paragraph 74.

75. Defendant denies the allegations of Paragraph 75.

76. Defendant denies the allegations of Paragraph 76.

77. Defendant denies the allegations of Paragraph 77.

78. Defendant denies the allegations of Paragraph 78.

79. Defendant denies the allegations of Paragraph 79.

80. Defendant incorporates by reference his responses to the allegations of Paragraphs 1 through 79 above.

81. Paragraph 81 contains conclusions of law to which no answer is required, or statements that Defendant lacks knowledge to admit or deny, but insofar as an answer may be deemed required, Defendant denies the allegations.

82. Defendant denies the allegations of Paragraph 82.

83. Defendant denies the allegations of Paragraph 83.

84. Defendant denies the allegations of Paragraph 84.

85. Defendant denies the allegations of Paragraph 85.

86. Defendant denies the allegations of Paragraph 86.

87. Defendant denies the allegations of Paragraph 87.

88. Defendant denies the allegations of Paragraph 88.

89. Defendant incorporates by reference his responses to the allegations of Paragraphs 1 through 88 above.

90. Paragraph 90 contains conclusions of law to which no answer is required, or statements that Defendant lacks knowledge to admit or deny, but insofar as an answer may be deemed required, Defendant denies the allegations.

91. Defendant denies the allegations of Paragraph 91.

92. Defendant denies the allegations of Paragraph 92.

93. Paragraph 93 contains conclusions of law to which no answer is required, or statements that Defendant lacks knowledge to admit or deny, but insofar as an answer may be deemed required, Defendant denies the allegations.

94. Defendant denies the allegations of Paragraph 94.

95. Defendant denies the allegations of Paragraph 95.

96. Defendant incorporates by reference his responses to the allegations of Paragraphs 1 through 95 above.

97. Paragraph 97 contains conclusions of law to which no answer is required, or statements that Defendant lacks knowledge to admit or deny, but insofar as an answer may be deemed required, Defendant denies the allegations.

98. Defendant denies the allegations of Paragraph 98.

99. Plaintiff's prayer for relief requires no answer, but to the extent one is required, Defendant denies each and every allegation contained in Plaintiff's prayer for relief.

100. Defendant hereby specifically denies all of the allegations of the First Amended Complaint not hereinbefore otherwise answered.

### FIRST AFFIRMATIVE DEFENSE

101. The First Amended Complaint, and each and every purported cause of action therein, fails to state a claim upon which relief can be granted under any theory of recovery alleged herein, including without limitation, any purported cause of action for breach of contract, conversion, breach of the duty of loyalty, negligence, fraud, violation of California Penal Code Section 502, violation of the Computer Fraud and Abuse Act, and unfair business practices in violation of California Business & Professions Code Section 17200, et seq.

### SECOND AFFIRMATIVE DEFENSE

102. The Court lacks subject matter jurisdiction over Plaintiff's First Amended Complaint, or any cause of action or purported cause of action alleged

therein, as to which Plaintiff did not timely file its complaint and over any claims that have not been administratively exhausted.

### THIRD AFFIRMATIVE DEFENSE

103. Plaintiff is barred from bringing any claim for which it did not timely comply with applicable regulations and statutes of limitations.

### FOURTH AFFIRMATIVE DEFENSE

104. Plaintiff has failed to mitigate its damages, and has waived claims raised in its First Amended Complaint, or is estopped from raising them.

### FIFTH AFFIRMATIVE DEFENSE

105. At all times, Defendant acted reasonably and had legitimate, good faith, legal reasons for each action he took with respect to Plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

106. Defendant exercised reasonable care to prevent and promptly correct any threat of loss or damage, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Plaintiff or to avoid harm otherwise.

### SEVENTH AFFIRMATIVE DEFENSE

107. Charles Matthew Erhart is not a proper defendant in an action pursuant to California Penal Code Section 502, the Computer Fraud & Abuse Act, and the California Business and Professions Code Section 17200, et seq., and the Court lacks subject matter jurisdiction over Charles Matthew Erhart.

### EIGHTH AFFIRMATIVE DEFENSE

108. Each and every claim asserted in the First Amended Complaint or any cause of action or purported cause of action alleged therein is barred by the doctrine of laches.

### NINTH AFFIRMATIVE DEFENSE

109. Each and every claim asserted in the First Amended Complaint or any cause of action or purported cause of action alleged therein is barred by the doctrine of waiver.

## TENTH AFFIRMATIVE DEFENSE

109. Each and every claim asserted in the First Amended Complaint or any cause of action or purported cause of action alleged therein is barred by the doctrine of estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

110. Each and every claim asserted in the First Amended Complaint or any cause of action or purported cause of action alleged therein is barred by the doctrine of unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE

111. Each and every action taken by Defendant constituted protected activity as a whistleblower under the Sarbanes-Oxley Act of 2002.

## THIRTEENTH AFFIRMATIVE DEFENSE

112. Each and every action taken by Defendant constituted protected activity as a whistleblower under the Dodd-Frank Act.

## FOURTEENTH AFFIRMATIVE DEFENSE

113. Each and every action taken by Defendant constituted protected activity as a whistleblower under applicable laws and regulations promulgated by the United States Department of Treasury, Office of the Controller of the Currency.

## FIFTEENTH AFFIRMATIVE DEFENSE

114. Each and every action taken by Defendant constituted protected activity as a whistleblower under applicable laws and regulations promulgated by the United States Department of Treasury, Internal Revenue Service.

## SIXTEENTH AFFIRMATIVE DEFENSE

115. Each and every action taken by Defendant constituted protected activity as a whistleblower under applicable laws and regulations promulgated by the United States Consumer Financial Protection Bureau.

////

////

### SEVENTEENTH AFFIRMATIVE DEFENSE

116.   Each and every action taken by Defendant constituted protected activity as a whistleblower under applicable laws and regulations promulgated by the United States Department of Treasury, Bureau of Consumer Financial Protection.

### EIGHTEENTH AFFIRMATIVE DEFENSE

117.   Each and every action taken by Defendant constituted protected activity as a whistleblower under applicable laws and regulations promulgated by the Securities and Exchange Commission.

### NINETEENTH AFFIRMATIVE DEFENSE

118.   Each and every action taken by Defendant constituted protected activity as a whistleblower under applicable laws and regulations pursuant to the Bank Secrecy Act.

### TWENTIETH AFFIRMATIVE DEFENSE

119.   Each and every action taken by Defendant constituted protected activity as a whistleblower under applicable laws and regulations promulgated by the Federal Deposit Insurance Corporation.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

120.   Each and every action taken by Defendant constituted protected activity as a whistleblower under applicable laws and regulations pursuant to the Gramm-Leach-Billey Act.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

121.   Each and every action taken by Defendant constituted protected activity as a whistleblower under applicable laws and regulations pursuant to the Fair Credit Reporting Act.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

122.   Each and every action taken by Defendant constituted protected activity as a whistleblower under California Labor Code Section 1102.5.

////

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

123. Each and every action taken by Defendant constituted protected activity as a whistleblower under common law.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

124. Each and every claim asserted in the First Amended Complaint is barred by the doctrine of consent.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

125. Each and every claim asserted in the First Amended Complaint is barred because Defendant had permission from Plaintiff to access the information referred to therein.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

126. The purported Sixth Cause of Action asserted in the First Amended Complaint is barred because Defendant did not act knowingly in the manner required by the statute.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

127. The purported Sixth Cause of Action asserted in the First Amended Complaint is barred because Defendant did not lack permission in the manner required by the statute.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

128. The purported Seventh Cause of Action asserted in the First Amended Complaint is barred because Defendant did not act knowingly in the manner required by the statute.

## THIRTIETH AFFIRMATIVE DEFENSE

129. The purported Seventh Cause of Action asserted in the First Amended Complaint is barred because Defendant lacked the intent required by the statute.

////
////
////

### THIRTY-FIRST AFFIRMATIVE DEFENSE

130. The purported Eighth Cause of Action asserted in the First Amended Complaint is barred because Defendant did not engage in competition, business or advertising.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

131. Defendant's actions with respect to the subject matter in each of the alleged causes of action were undertaken in good faith and for good cause, with the absence of malicious intent to injure Plaintiff, and constitute lawful, proper, and justified means to further the sole purpose of Defendant to engage in and continue his lawful business activities.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

132. Any recovery on the First Amended Complaint, or any cause of action or purported cause of action alleged therein, in barred on the grounds that Plaintiff consented to the conduct alleged therein.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

133. Plaintiff is barred from claiming any injuries or damages because such injuries and damages were the sole, proximate result of the acts of Plaintiff or of others.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

134. Some or all of Plaintiff's claims are barred because at all times Defendant was acting in good faith.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

135. Any acts or omissions to act by Defendant were not the proximate cause of any injury suffered by Plaintiff.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

136. Any recovery on Plaintiff's First Amended Complaint, or any purported cause of action therein, is barred in whole or in part because Defendant is entitled to an offset from any source consistent with the common law doctrine of offset and the doctrine prohibiting double recovery.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

137. Plaintiff's claims, and each of them, fail to state facts sufficient to constitute a cause of action because Defendant willfully breached its duties as an employer, as a bank, as a regulated entity, as a publicly traded company, and/or failed to use ordinary care and diligence in the performance of its duties.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

138. Plaintiff's claims, and each of them, fail to state facts sufficient to constitute a cause of action because Defendant was acting in the course and scope of his employment by Plaintiff.

## FORTIETH AFFIRMATIVE DEFENSE

139. Plaintiff's claims, and each of them, fail because Defendant lacked the requisite scienter.

## FORTY-FIRST AFFIRMATIVE DEFENSE

140. Plaintiff's claims, and each of them, fail because the alleged conduct was not intentional.

## FORTY-SECOND AFFIRMATIVE DEFENSE

141. Plaintiff's claims, and each of them, fail because Defendant's alleged conduct was fully justified.

## FORTY-THIRD AFFIRMATIVE DEFENSE

142. As to each and every purported cause of action set forth in the First Amended Complaint, Defendant is informed and believes, and based thereon alleges, that granting Plaintiff's prayer for relief would unjustly enrich Plaintiff, as Plaintiff would be receiving more than that to which it is entitled, if anything.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

143. As to each and every purported cause of action set forth in the First Amended Complaint, Defendant is informed and believes, and based thereon alleges, that the damages prayed for are speculative and unforeseeable, and therefore, Plaintiff is barred from any recovery.

////

## FORTY-FIFTH AFFIRMATIVE DEFENSE

144.   Plaintiff is not entitled to any equitable, preliminary or injunctive relief because Plaintiff has suffered no irreparable injury based on the alleged conduct of Defendant, and Plaintiff has an adequate remedy at law for any such conduct.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

145.   Plaintiff's monetary damages claims under Business and Professions Code Section 17200 et seq. are barred, in whole or in part, by those very statutes and pursuant to *Korea Supply Company v. Lockheed Martin Corp.*, 29 Cal.4th 1134 (2003).

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

146.   Although Defendant denies that he has committed or has responsibility for any act that could support the recovery against Defendant in this lawsuit, if any, to the extent any such act is found, such recovery against Defendant is unconstitutional under numerous provisions of the United States Constitution and the California Constitution, including without limitation the Excessive Fines Clause of the Eighth Amendment, the Due Process Clauses of the Fifth Amendment and Section 1 of the Fourteenth Amendment and other provisions of the United States Constitution, and the Excessive Fines Clause of Section 17 of Article 1, the Due Process Clause of Section 7 of Article 1 and other provisions of the California Constitution.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

147.   Some or all of Plaintiff's claims are barred by the doctrine of contributory negligence.

## FORTY-NINTH AFFIRMATIVE DEFENSE

147.   Some or all of Plaintiff's claims are barred because of Plaintiff's fraud.

////

////

### FIFTIETH AFFIRMATIVE DEFENSE

147.  Plaintiff is precluded from recovering exemplary and/or punitive damages from Defendant, in whole or in part, under the applicable provisions of the law, including but not limited to the California and United States Constitutions, section 3294 of the California Civil Code, and the due process clause of the Fourteenth Amendment to the Constitution of the United States of America pursuant to the doctrine articulated in, among other things, *State Farm Mutual Automobile Ins. Co.* v. *Campbell,* 538 U.S. 408 (2003).

### FIFTY-FIRST AFFIRMATIVE DEFENSE

148.  Defendant hereby gives notice that he intends to seek indemnification from Plaintiff for all attorneys' fees and costs he reasonably expends in defending the First Amended Complaint, under California Labor Code Section 2802.

### FIFTY-SECOND AFFIRMATIVE DEFENSE

149.  Defendant hereby gives notice that he intends to rely upon any other defenses that become available or appear during the discovery proceedings in this case, and hereby reserves the right to amend his answer to assert, without limitation, any such defenses.

WHEREFORE, Defendant prays that this action be dismissed with prejudice, and that judgment be entered in his favor, and that the Court award Defendant his costs and such other relief as may be appropriate.

DATED: January 4, 2016.   THE GILLAM LAW FIRM
*A Professional Law Corporation*

s/*Carol Gillam*

CAROL L. GILLAM
Attorneys for Defendant Charles Matthew Erhart

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 4, 2016 I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Southern District of California, using the electronic case files system of the court. The electronic case files system sent a "Notice of Electronic Filing" to individuals who have consented in writing to accept this Notice as service of this document by electronic means. All other counsel of record not deemed to have consented to electronic service, if any, were served with a true and correct copy of the foregoing by first class mail today, January 4, 2016.

                                                s/*Carol Gillam*
                                               Carol L. Gillam